JUDGE KARAS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

06 CV 7647

ABDUL KARIM,

        Plaintiff,

COMPLAINT AND
JURY DEMAND

    -against –

ECF CASE

HAVELI RESTAURANT, INC., MOHAMMED
A. HAZIM, MAKLIS ALI, and ABU SUFIAN
AHMED,
        Defendants
------------------------------------------------------------X



## PRELIMINARY STATEMENT

1.    This is a complaint under the federal and state labor laws against the Haveli Restaurant Inc. and its two owner/managers Mohammed A. Hazim and Maklis Ali, and another owner, Abu Sufian Ahmed. Plaintiff was a cook in the restaurant and was not paid overtime pay.

2.    Plaintiff was an employee of defendants from July 2000 to October 2005. During their employment, plaintiff consistently worked more than 40 hours a week. Defendants never paid plaintiff for his lawful wages for overtime work. This is an action under the federal and state labor laws to recover plaintiff's lawful wages plus liquidated damages.

## JURISDICTION

3. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216 and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue lies in the Southern District of New York, where Defendant restaurant does business.

## PARTIES

6. Plaintiff was a cook at the Defendant Haveli Restaurant, Inc. and employee of Defendants.

7. Defendant Haveli Restaurant, Inc. is located at 100 Second Avenue, New York, New York. Haveli Restaurant, Inc. is a New York corporation established in June 1987. On information and belief, the restaurant has gross sales of over $500,000.00 a year and uses goods produced in interstate commerce.

8. Defendant Mohammed A. Hazim is an owner of Haveli Restaurant and a manager. He has the power to hire and fire employees, set their wages and their schedules, and retain their records.

9. Defendant Muklis Ali is an owner of Haveli Restaurant and a manager. He has the power to hire and fire employees, set their wages and their schedules, and retain their records.

10. Defendant Abu Sufian Ahmed is an owner of Haveli Restaurant. He has the power to hire and fire employees, set their wages and their schedules, and retain their records.

## STATEMENT OF FACTS

11. Plaintiff was a cook in the Haveli Restaurant.

12. Plaintiff was employed in the restaurant from on or about March 1990 until October 2005.

13. Plaintiff's duties included preparation and cooking of food items, and other duties commonly performed in a kitchen.

14. Plaintiff's work schedule varied over the course of his employment. But plaintiff generally worked six days a week.

15. Plaintiff had an agreement with defendants to work 10 hours per day, but plaintiff regularly worked 12 hours per day from about 12 noon to 12 midnight, and occasionally would work past midnight several days a week. Thus, on average, plaintiff worked 77 hours a week.

16. When plaintiff worked from July 2000 to February 2001, plaintiff was paid $ 525.00 a week.

17. When plaintiff worked from February 2001 to August 2003, plaintiff was paid $ 550.00 a week.

18. When plaintiff worked from August 2003 to December 2004, plaintiff was paid $ 600.00 a week.

19. When plaintiff worked from December 2004 to February 2005, plaintiff was paid $ 625.00 a week.

20. When plaintiff worked from February 2005 to October 2005, plaintiff was paid $ 700.00 a week.

21. Plaintiff was never paid overtime pay for his hours over 40 hours a week.

22. Plaintiff was never paid an extra hour's pay for each day that he worked more than 10 hours a day.

23. Plaintiff was paid exclusively in cash.

24. Defendants claim that they maintained time records for plaintiff.

25. When defendants made payments to plaintiff, defendants never reported nor paid such taxes on plaintiff's behalf.

26. Defendants willfully and intentionally failed to pay plaintiff his lawful wages.

## FIRST CAUSE OF ACTION

### Federal Overtime Violation for Plaintiff

27. Plaintiff alleges and re-alleges all the paragraphs above.

28. Defendants' intentional failure to pay plaintiff the proper overtime pay violates 29 U.S.C. § 201 et seq.

29. Plaintiff has been damaged in an amount as yet undetermined plus liquidated, compensatory, and punitive damages.

## SECOND CAUSE OF ACTION

### State Overtime and Spread of Hours Pay Violations for Plaintiff

30. Plaintiff alleges and re-alleges all the paragraphs above.

31. Defendants' intentional failure to pay plaintiff the overtime pay and spread of hours pay, violates New York State Labor Law §§ 190 et seq. and 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

32. Plaintiff has been damaged in an amount as yet undetermined plus liquidated, compensatory, and punitive damages.

### THIRD CAUSE OF ACTION

State Actions for Conversion

33. Plaintiff alleges and re-alleges all the paragraphs above.

34. Defendants' allegedly made deductions from plaintiff's payments to pay withheld taxes. Their subsequent failure to pay such taxes constitutes fraud and conversion as defined by New York state law.

35. Plaintiff has been damaged in an amount as yet undetermined plus liquidated, compensatory, and punitive damages.

### **PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully request that a judgment be granted as follows:

a. awarding Plaintiff compensatory, punitive and liquidated damages plus interest;

b. awarding Plaintiff attorney's fees and costs; and,

c. such other and further relief as this Court deems is just and proper.

Dated: Kew Gardens, New York
September 21, 2006

S. TITO SINHA, P.C.

S. TITO SINHA, ESQ.
Attorney for Plaintiffs
125-10 Queens Blvd., Suite 324
Kew Gardens, New York 11415
718-261-2378
Fax 347-558-4038

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Docket No.

---

ABDUL KARIM

       Plaintiff,

  -against –

HAVELI RESTAURANT, INC., MOHAMMED A.
HAZIM, MAKLIS ALI, and ABU SUFIAN AHMED,

       Defendant,

---

## COMPLAINT AND JURY DEMAND

---

S. TITO SINHA, P.C.
Attorney for Plaintiff
Office and Post Office Address, Telephone
125-10 Queens Boulevard, Suite 324
Kew Gardens, New York 11415
718-261-2378
Fax 347-558-4038

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ DISTRICT OF _____

ABDUL KARIM,

**SUMMONS IN A CIVIL CASE**

V.

HAVELI RESTAURANT, INC., MOHAMMED A. HAZIM, MAKLIS ALI, and ABU SUFIAN AHMED,

CASE NUMBER:

**06 CV 7647**

**JUDGE KARAS**

TO: (Name and address of defendant)

HAVELI RESTAURANT, INC., MOHAMMED A. HAZIM, MAKLIS ALI, and ABU SUFIAN AHMED
All Defendants' Addresses: 100 2nd Avenue, New York, New York 10003

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

S. TITO SINHA, P.C.
125-10 Queens Boulevard, Suite 324
Kew Gardens, New York 11415

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON
CLERK

_(signature)_
(BY) DEPUTY CLERK

SEP 2 2 2006
DATE

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                Date                                                Signature of Server

                                                                    _____
                                                                    Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99